CHRIS T. BARNETTE, Judge pro tem.
Plaintiff, claiming a back injury as a result of having been hit by a taxicab, has appealed from a judgment in her favor awarding damages of $500.00, which she contends is not fair and just compensation for the injury sustained.
The defendant did not answer the appeal,, and there is no issue of liability before us. The only question presented is the quantum *591 of damages. It is not necessary therefore to review the details of the alleged accident except as they might cast some light on the probability of plaintiff’s injuries, if any, being very minor.
Plaintiff was a school-crossing policewoman, and while in the course of her duties on October 25, 1960, claims to have been struck “deliberately” by the defendant Samuel Gayden, a driver for Nola Cabs, Incorporated. Suit was filed one day before the running of prescription and, for some unexplained reason, was not called for trial until March 30, 1964. In the meantime the cabdriver, a co-defendant, died and we do not have the benefit of his testimony.
It appears that the cabdriver had passed through the intersection where plaintiff was stationed and found the narrow street blocked ahead of him by vehicles approaching from the opposite direction and also by cars parked on both sides, leaving insufficient room to pass. He began to back his cab through the intersection to turn in another direction. Plaintiff signaled him to stop, which he did, and there followed some argument as to whether or not he should be allowed to complete the backing maneuver. The cab was at a standstill for some moments while plaintiff physically blocked its movement. There was some alleged exchange of words between them before the driver completed his maneuver and drove away. Plaintiff claims that she was “deliberately” bumped, but the testimony before us does not support her allegation. Whatever physical contact there was between defendant’s cab and the plaintiff was very slight indeed. This was not a typical moving traffic incident and, as stated above, casts some light on the probability of the extent of plaintiff’s injuries.
In his reasons for judgment, the trial judge said:
“Plaintiff proved by a preponderance of evidence that defendant cab driver backed into her. But, the blow was very slight. Plaintiff failed to prove by any creditable evidence that her injuries were more than bruises and contusions. Plaintiff’s doctor testified that she had bruises on the lumbar portion of her back. All other testimony was to the effect that plaintiff was struck on the left side of her thigh. No expert testimony was produced proving muscle spasm or any of the other objective signs of pain. In the absence of such proof, the Court feels that a total judgment for $500.00 would adequately recompense plaintiff for her damages. * * * ”
In the recent case of Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963), the Supreme Court discussed at length the rules to be observed in awarding damages. The Court pointed out the applicability of that portion of LSA-C.C. art. 1934 which reads as follows:
“In the assessment of damages under this rule, as well as in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury * *
The Court then went on to say:
“The primary question before the appellate court, then, is whether the judge or the jury in fixing the amount of the award has abused this great discretion vested in them by law. * * * ”
The determination of an award of damages is primarily factual in nature and, like any other finding of fact, will not be disturbed by the appellate court except upon a showing of manifest error or injustice.
We have examined the record carefully and find no reason to disturb the judgment of the trial court. No substantial error has been pointed out to us and there is none apparent on the face of the record.
The judgment appealed from is affirmed at appellants’ cost.
Affirmed.